UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFREY WESLEY                                         CIVIL ACTION

VERSUS                                                 NUMBER: 08-3687

N. BURL CAIN, WARDEN                                   SECTION: "B"(5)


**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Jeffrey Wesley, the State's response thereto, and petitioner's traverse to the State's response. (Rec. docs. 1, 8, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Wesley's petition be dismissed with prejudice.

Petitioner Wesley is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 27, 1986, Wesley was convicted of

aggravated rape after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. On March 7, 1986, Wesley was sentenced to life in prison without benefit of parole, probation, or suspension of sentence. Wesley's conviction and sentence were affirmed on direct appeal to the Louisiana Fourth Circuit Court of Appeal on October 9, 1986. State v. Wesley, 497 So.2d 796 (La. App. 4th Cir. 1986)(table). Petitioner did not seek writs from the Louisiana Supreme Court in the wake of the Louisiana Fourth Circuit's decision affirming his conviction and sentence.

On September 30, 1991, Wesley signed and dated a post-conviction relief application ("PCRA") that was formally filed in the trial court on October 4, 1991. (St. ct. rec., vol. 1 of 5). On November 6, 1991, the trial court denied Wesley's PCRA. (Id.). Wesley appealed that ruling to the Louisiana Fourth Circuit which, on March 14, 1995, granted the writ application and ordered that he be granted an out-of-time direct criminal appeal. State v. Wesley, No. 94-K-2476 (La. App. 4th Cir. March 14, 1995)(unpublished order). (St. ct. rec., vol. 4 of 5). In due course, Wesley's conviction and sentence were affirmed a second time by the Louisiana Fourth Circuit on August 21, 1996. State v. Wesley, 678 So.2d 93 (La. App. 4th Cir. 1996)(table). Once again, Wesley did not seek writs from the Louisiana Supreme Court following the Louisiana Fourth Circuit's decision. As a consequence, Wesley's conviction became

final on September 21, 1996 when the thirty-day period prescribed by Louisiana Supreme Court Rule X, §5(a) expired. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further review expires); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

Thereafter, a review of the state court reflects that Wesley had no challenges to his conviction pending before the state courts until he signed his second PCRA on August 18, 1999.[1] (St. ct. rec., vol. 1 of 5). A recitation of the remainder of Wesley's state court proceedings is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Wesley have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts

---

[1] The state court record also contains a second copy of the PCRA that was dated July of 1999 but was unsigned. (St. ct. rec., vol. 4 of 5). As will be explained infra, Wesley's habeas petition is untimely regardless of whether the July 1999 or the August 18, 1999 date is used.

3

is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that his conviction became final on September 21, 1996, Wesley had no challenges to his conviction pending before the state courts until he drafted his second PCRA in July or August of 1999. By that time, however, the §2244(d) limitation period had already run its course, thus making his present petition untimely unless it is saved by the operation of equitable tolling. Before turning to the specific tolling-based justifications proffered by Wesley in his traverse to the State's response, the Court will recall the legal principles governing the doctrine in general.

The doctrine of equitable tolling is available only in rare and exceptional circumstances and "... applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000)(internal quotation marks omitted). See also Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir.), cert. denied, 531 U.S. 1035, 121 S.Ct. 622 (2000). Mere attorney error or neglect is insufficient to warrant

4

invocation of the doctrine. Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277 (2003).

In his traverse to the State's response, Wesley first argues that the §2244(d) limitation period should be equitably tolled because he was not informed of the statutory time bar by his court-appointed appellate counsel. (Rec. doc. 9, pp. 2-3). This argument is unavailing. In non-capital cases in Louisiana, a criminal defendant is entitled to appointed counsel only for purposes of an appeal to the immediate state appellate court. Hawthorne v. Cain, 2006 WL 861039 at *2 (E.D. La. 2006). The right to counsel does not extend to applications for discretionary review, id., and prisoners are not constitutionally entitled to counsel during post-conviction or habeas proceedings. Cousin, 310 F.3d at 848-49 (citing Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566 (1991)).[2] In light of these authorities, Wesley's appointed appellate counsel had no specific duty to advise him of the §2244(d) statutory time period and neither petitioner's pro se status nor his ignorance of the AEDPA constitute exceptional circumstances justifying the application of equitable tolling.

---

[2] The Fifth Circuit has also held that the alleged violation of the right to effective assistance of appellate counsel does not toll the one-year limitation period fo filing federal habeas petitions. Molo v. Johnson, 207 F.3d 773, 775-76 (5th Cir. 2000).

5

Felder, 204 F.3d at 171; Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.), cert. denied, 528 U.S. 1007, 120 S.Ct. 504 (1999).

Wesley's second argument in support of equitable tolling is that he has "... made a specific showing of a fundamental miscarriage of justice, whereas such will allow this court to reach the merits of petitioner's procedurally defaulted claims." (Rec. doc. 9, p. 4). Review of Wesley's claims here, however, is not barred based on some procedural default but is foreclosed due to the operation of a federal statute of limitations of which equitable tolling is the only exception. See, e.g., Prieto v. Quarterman, 456 F.3d 511, 514-15 (5th Cir. 2006)(AEDPA only subject to statutory and equitable tolling). Wesley does not dispute the fact that he had no challenges to his conviction pending before the state courts between the date that his conviction became final on September 21, 1996 and the date that he drafted his second PCRA in July or August of 1999. Review of his habeas claims is unavailable due to the expiration of a statue of limitations and not because of a procedural default. This argument is unavailing.

Petitioner's third and final argument for the application of equitable tolling is that he is actually innocent of the crime of which he stand convicted. (Rec. doc. 9, pp. 4-8). Unfortunately for Wesley, the Fifth Circuit has rejected that very contention. Cousin, 310 F.3d at 849 (citing Felder, 204 F.3d at 171). In

addition, aside from making his self-serving declaration, Wesley has not made a <u>showing</u> of actual innocence, <u>Felder</u>, 204 F.3d at 171 n.8, and it is indeed hard to imagine that he could ever do so given the quality of the evidence presented by the State, <u>Wesley</u>, 678 So.2d 93, and the mere thirty minutes of deliberations conducted by the jury that convicted him. (St. ct. rec., vol. 1 of 5).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Jeffrey Wesley be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 15th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE